# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        -v-                                                  Case No. 04-Cr-80

**TIMOTHY DARNELL WILBURN, SR.,**

        **Defendant.**

## DECISION AND ORDER

Following a two-day trial, the jury returned a verdict against the Defendant, Timothy Darnell Wilburn, Sr. ("Wilburn"), finding him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(10). Thereafter, this Court sentenced Wilburn to 180 months of incarceration followed by five years of supervised release.

Wilburn appealed his sentence and conviction to the Court of Appeals for the Seventh Circuit. The appeals court affirmed his sentence and conviction by a judgment entered on January 11, 2007. *See United States v. Wilburn*, 473 F.3d 742, 745 (7th Cir. 2007). The mandate was issued on February 20, 2007. Wilburn then filed a petition for certiorari review by the United States Supreme Court, which was denied by an order issued June 11, 2007. *Wilburn v. United States* __U.S. ___, 127 S. Ct. 2958 (2007).

Wilburn, proceeding pro se, has filed two motions which are addressed herein. Wilburn filed a motion requesting an extension of time to prepare a "§ 2255 memorandum of facts in support of case law." Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts sets forth the requirements for filing a motion to vacate, set aside, or correct a sentence. The Rule provides that the application must be in the form of a motion to vacate, set aside, or correct the sentence, and the motion must: (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

Civil Local Rule 9.1 (E.D. Wis.) provides that such motions must be on forms supplied by the Court and that directions and forms must be provided without charge by the Clerk of Court. The Court will direct the Clerk of Court to provide Wilburn with those materials. However, Wilburn need not file a memorandum of facts.

To the extent Wilburn seeks additional time to file his § 2255 motion, that section contains a one-year limitations period for the filing of a petition. *See Clay v. United States*, 537 U.S. 522 (2003).[1] A direct appeal is "final" when the Supreme Court "affirms a conviction on

---

[1] As amended effective January 7, 2008, Section 2255(f) of Title 28 of the United States Code provides that:

A 1-year period of limitation shall apply to a motion under this section.

The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court,

2

the merits on direct review or denies a petition for a writ of certiorari, or when the time for filling a certiorari petition expires." *Id*. at 527.

Section 2255 itself does not provide authority to extend the time for filing a motion brought pursuant to § 2255. However, the one-year time limit is not jurisdictional and a late filing may excused at the time of filing in narrow instances such as "unique circumstances" or those giving rise to equitable tolling. *See Poe v. United States*, 468 F.3d 473, 477-78 (7th Cir. 2006); *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). As of this date, the time for Wilburn to file a § 2255 motion has not expired. In light of the foregoing, Wilburn's motion for an extension of time to file a memorandum of facts is denied.

Relying on the Freedom of Information Act ("FIOA"), 5 U.S.C. § 552, Wilburn filed a motion for an order directing the Clerk of Court to release any and all transcripts both electronic and paper of a "Sealed 911 Tip and associated testimony [illegible] March 4, 2004," that are in the Clerk of Court's custody and control. Wilburn's motion states that he agrees to pay any required fees, costs, and expenses for materials.

There are several problems with Wilburn's motion. The Freedom of Information of Act does not apply to the courts. *See Smith v. United States District Court for the Southern District of Ill.*, 956 F.2d 647, 648 n.1 (7th Cir. 1992). However, there is a federal common law

---

if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

right of access to judicial records and documents, which applies to civil and criminal cases. *Id.* Since Wilburn proceeds pro se, his motion is liberally construed as relying upon that right.

Furthermore, Wilburn seeks a sealed tape of a March 4, 2004, 911 tip and transcripts of related testimony. But, he does not provide additional information about the tape or the locations of the tape or associated testimony in the court file.

The court of appeals' opinion indicates that an anonymous tip received in March of 2004 by Milwaukee Police Officer Bobo Gajevic ("Gajevic"), along with other intelligence he gathered, caused Gajevic and other officers to investigate Wilburn. *See Wilburn*, 473 F.3d at 742. There is no indication of the means by which the tip was received; i.e., whether the tip was received through a 911 call. Additionally, neither the May 27, 2005, minutes of the evidentiary hearing nor the list of the trial exhibits indicate that a 911 tape was part of the record in this matter. Moreover, on January 30, 2006, the Clerk of Court released the trial exhibits to the government. (Docket No. 88.) Based on the information disclosed by the Court's docket, there is no indication that the Clerk of Court ever had, or currently has, custody of a 911 tape in this case.

With respect to any associated sealed testimony, review of the docket does not disclose any sealed proceedings. But, the trial minutes indicate the Court conducted a brief *in camera* proceeding during the late afternoon of the trial on August 15, 2005. The *in camera* proceeding was occasioned by an objection made by Wilburn during Gajevic's testimony. The Court held a side bar conference during the afternoon of August 15, 2005, and later that day, addressed Gajevic *in camera* as to information regarding the identity of the informant. The *in*

4

*camera* proceedings were recorded by the court reporter and the Court sealed the record of that *in camera* portion of the proceedings. The following morning, the Court ruled that informant had not disclosed his/her identity and that the information disclosed was not exculpatory. Because it appears to be the only sealed record contained in the record, the sealed record of the *in camera* proceeding is likely to be the associated testimony sought by Wilburn's motion.

Despite the general rule that the record of public proceedings are public, portions of the record and, in extreme cases, the entire record can be sealed. *See Jeesup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). One recognized reason for sealing a record is to protect the identity of an informant. *Id.*

While the Court believes that Wilburn is likely to be seeking the record of August 15, 2005, *in camera* proceeding, Wilburn has not specifically identified that material. Nor has Wilburn indicated why or how he believes that sealed record may assist him in the preparation of his § 2255 motion and why it is now appropriate to unseal the record. Based on the foregoing, Wilburn's request for release of sealed records is denied.

Wilburn's motion for an extension of time to prepare a § 2255 memorandum of facts in support of case law (Docket No. 100) is **DENIED**;

The Clerk of Court is **DIRECTED** to provide Wilburn with a copy of this District's form and directions for a § 2255 motion;

5

Wilburn's motion for release of sealed records (Docket No. 99) is **DENIED**;

Dated at Milwaukee, Wisconsin, this 31st day of March, 2008.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA
Chief Judge**